IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN GRIGSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-040-H-BQ |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and | § | |
| JOHNATHAN WOOLARD, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
<u>**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court are two related motions: (1) Plaintiff John Grigson's Opposed Motion to Remand this action to state court (ECF No. 9) and brief in support (ECF No. 10); and (2) Grigson and Defendant Allstate Vehicle and Property Insurance Company's (Allstate) Joint Motion to Remand. ECF No. 14; *see also* ECF No. 19 (Joint Brief in Support of agreed remand). After review of the motions and applicable law, the undersigned concludes that the parties are not diverse, and the Court therefore lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a). Thus, the undersigned recommends that the United States District Judge **GRANT** Grigson's motion, **DENY** the parties' joint motion as moot, and **REMAND** this case to County Court at Law Number 3, Lubbock County, Texas.

I.    <u>Background</u>

A. **Factual Background**

The Court draws the following factual allegations from Grigson's state-court petition. Allstate issued an insurance policy on Grigson's residential property. Pl.'s Original Pet., Ex. B-1,

at 4–5, ECF No. 1-2.[1] Grigson alleges that on May 20, 2020, a wind and hailstorm damaged his property. *Id.* at 5–6. Grigson submitted a claim to Allstate to recover the loss, and Allstate assigned adjuster Johnathan Woolard to investigate the claim. *Id.* at 5. According to Grigson, Woolard did not adequately inspect the residence, "ignored visibly apparent storm damage," and "severely underestimated the scope of repairs necessary." *Id.* Further, Grigson contends Allstate, relying on Woolard's inspection, wrongfully denied policy benefits, and both Allstate and Woolard "misrepresented to [Grigson] that [certain] damage . . . was not covered under the [p]olicy, even though the damage was caused by a covered occurrence." *Id.* at 6.

Grigson subsequently filed suit against Allstate and Woolard, raising claims under various theories: breach of contract; violations of chapters 541 and 542 of the Texas Insurance Code; Texas Deceptive Trade Practices Act; fraud; and breach of the common law duty of good faith and fair dealing. *Id.* at 7–10.

### B. Procedural Background

Grigson initially filed this case in state court. ECF No. 1-2. When Allstate answered the petition, it also filed its Election of Legal Responsibility for Agent in accordance with Texas Insurance Code § 542A.006,[2] wherein it accepted all liability for Woolard's actions or omissions related to this case. Ex. B-6, at 26–28, ECF No. 1-2; Ex. B-7, at 29–31, ECF No. 1-2. Section 542A.006 states that in the event an insurer makes an election of liability after a claimant has filed suit, "the court shall dismiss the action against the agent with prejudice." Tex. Insurance Code Ann. § 542A.006(c). Apparently, however, before the state court could dismiss Woolard, Allstate

---

[1] Page citations to the relevant state court documents refer to the electronic page number assigned by the Court's electronic filing system.

[2] Section 542A.006(a) provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."

2

removed the case to this Court on March 10, 2022. *See* Ex. B-9, ECF No. 1-2; ECF No. 3; Pl.'s Br. 2, ECF No. 10.[3]

In its Notice of Removal, Allstate asserts diversity jurisdiction. Allstate, an Illinois corporation, contends that (1) the amount in controversy exceeds $75,000 (ECF No. 3, at 2–4) and (2) despite both Grigson and Woolard being Texas citizens, the Court should ignore Woolard for diversity purposes because Grigson fraudulently joined him. *Id.* at 2–3; *see* ECF No. 19, at 3 (agreeing that Woolard is non-diverse). Specifically, Allstate maintains that Grigson's claims against Woolard are "simply . . . a recasting of those against Allstate," such that "there is no basis to reasonably predict that Texas law might impose liability on . . . Woolard because no real facts relating to him have been set forth." ECF No. 3, at 3.

Disputing Allstate's contention, Grigson filed his Motion to Remand. Grigson asserts that he has provided "specific legal and factual bas[e]s for his claims against Woolard." Pl.'s Br. 5. According to Grigson, these factual allegations, if true, would subject Woolard to liability under chapter 541 of the Texas Insurance Code. *Id.* at 5–6. Consequently, Grigson believes he "had viable claims against Woolard under the Texas Insurance Code at the time [he] filed his petition and Allstate [has] failed to carry its burden to show Woolard was an improper party when he was joined to this lawsuit." *Id.* at 6.

Allstate did not file a response to Grigson's motion. Instead, the parties filed the pending Joint Motion to Remand, wherein the parties state they jointly seek remand "[t]o save the [p]arties' and Court's time and resources" (ECF No. 14, at 1); however, because "[t]he Court cannot remand a case on a ground not expressly permitted by the controlling statutes and has no discretion to

---

[3] The removal documents indicate that the state court set a hearing by submission for March 4, 2022. Ex. B-9, at 34, ECF No. 1-2. Nevertheless, it does not appear that the court dismissed Woolard prior to Allstate's removal. But even if the court has dismissed Woolard, the undersigned's analysis herein would not change.

3

remand a case when diversity jurisdiction exists," the Court ordered the parties to provide a legal basis (as opposed to mere agreement) for remand.[4] ECF No. 16, at 2 (citation omitted). In response, the parties filed a joint brief. ECF No. 19. In the brief, the parties state the following:

> Because Allstate had not yet accepted liability [under § 542A.006] for Woolard's conduct at the time Grigson filed his petition, Grigson had valid claims and causes of action against Woolard under Chapter 541. And Woolard and Grigson are both Texas citizens. It follows, then, this case could not have been originally filed in federal district court because there is not complete diversity between the parties.

*Id.* at 3. That is, the parties contend the Court lacks subject-matter jurisdiction. *See id.* at 2–3. Consequently, the parties confirm their desire to return to state court. *Id.* at 3.

## II. Legal Standards

### A. Agreed Remand

As noted above, the Court cannot remand a case simply because the parties agree. *Best W. Int'l, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Policy No. SHU-GL0035-04*, No. 2:19-CV-48-D-BR, 2019 WL 3802102, at *3–4 (N.D. Tex. June 14, 2019) (observing that "the Court cannot remand a case simply because the parties agree to remand after removal"), *R. & R. adopted by* 2019 WL 4918148 (N.D. Tex. Oct. 4, 2019); *see Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) ("When the federal court has original subject-matter jurisdiction over a claim, that jurisdiction is not discretionary with the district court and can neither be conferred nor destroyed by the parties' waiver or agreement." (internal quotation marks omitted) (quoting *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 241 (5th Cir. 2009)). "Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993); *see Lancaster v. Aerotek, Inc.*, No. 4:21-CV-481-SDJ, 2021 WL 6754281, at *1 (E.D. Tex.

---

[4] Alternatively, the Court advised that in lieu of briefing, the parties could voluntarily dismiss this action under Rule 41(a). ECF No. 16, at 3.

July 12, 2021) ("The relevant statutes authorize remand in a case removed based on diversity jurisdiction only when (1) a party timely objects to a defect in the removal process or (2) the district court lacks subject-matter jurisdiction."). Critical to the Court's analysis of the remand, therefore, is whether it had subject-matter jurisdiction when Allstate first removed the case.

### B. Subject-Matter Jurisdiction

The jurisdiction of federal courts is limited. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))); *see Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery*, 243 F.3d at 916. A defendant seeking to remove a case to federal court satisfies its burden by showing a basis for federal jurisdiction and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

Under 28 U.S.C. § 1441(a), a defendant may remove an action based on diversity jurisdiction, as Allstate did in this case. *See* 28 U.S.C. § 1332(a). Diversity of citizenship requires "complete diversity," i.e., "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted); *see* 28 U.S.C. § 1441(b). Removal based on diversity of citizenship is improper where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). Courts strictly construe § 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and

thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

### C. Improper Joinder Doctrine

Where a removing defendant establishes that the plaintiff improperly joined a non-diverse defendant, the court may disregard the citizenship of that defendant when evaluating whether the parties are diverse. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). A defendant who alleges improper joinder in support of its petition for removal faces the secondary burden—described by the Fifth Circuit as a "heavy one"—of showing either: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)); *see Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005))).

Because the parties agree that Woolard is, in fact, non-diverse (*see* ECF No. 19, at 3), the Court considers only the second method for establishing improper joinder. Under the latter method, a defendant must demonstrate "that there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." *Int'l Energy*, 818 F.3d at 200 (alterations in original) (quoting *Smallwood*, 385 F.3d at 573). To determine whether the plaintiff has stated a claim against the non-diverse defendant,

courts must generally conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis—examining the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *See Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

With respect to the 12(b)(6)-type analysis, the Fifth Circuit has clarified that the federal pleading standard—not a state's—applies in determining whether the plaintiff improperly joined a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 201–02 (abrogating three post-*Smallwood* Fifth Circuit cases that applied a state pleading standard instead of the federal standard). Under the federal pleading standard, the plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint must provide more than "labels and conclusions" and must not merely restate the elements of a cause of action. *Id.* And while the court must accept all of the plaintiff's factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Moreover, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III.   Analysis

#### A. There is a split of authority on whether a diverse insurance company's § 542A.006 election of liability renders the non-diverse adjuster improperly joined.

Although not expressly argued by the parties, the Court finds that resolution of the pending motions first requires a brief examination of federal case law surrounding § 542A.006 and the

impact an insurer's election of liability has on the diversity analysis.[5] District courts are split on the question of whether a diverse insurance company's post-suit-filing, pre-removal election of liability under § 542A.006 renders the non-diverse adjuster improperly joined. *See Kessler v. Allstate Fire & Cas. Ins. Co.*, 541 F. Supp. 3d 718, 727 (N.D. Tex. 2021) (reviewing "two lines of cases"); *Koenig v. Unitrin Safeguard Ins. Co.*, No. SA-20-CV-00887-JKP-HJB, 2021 WL 51762, at *3 (W.D. Tex. Jan. 6, 2021) ("A split of authority has developed on th[e] issue" of "how to apply [§ 542A.006] when an insurer has made its election in the state court proceedings or at the time of removal."). The two positions taken by courts can be summarized as follows:

> One line of cases has taken the view that an insurer's post-suit election to accept liability "does not by itself establish improper joinder to defeat remand." These courts conduct the familiar "Rule 12(b)(6)-type analysis" articulated in *Smallwood* and, where the plaintiff has plausibly alleged a claim against the non-diverse defendant, decline to find improper joinder and grant remand. The other line of cases has adopted the conclusion that where an insurer's election "establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes."

*Koenig*, 2021 WL 51762, at *3 (citations and emphasis omitted). Under the former stance, described as the majority view, "the 'timing of an insurer's election is critical to a court's improper joinder inquiry . . . . [If the] election is made after an insured commences action, a diverse defendant-insurer cannot rely solely on the fact that the insured is now prohibited from recovering against the non-diverse adjuster.'" *Kessler*, 541 F. Supp. 3d at 727 (alterations in original) (quoting *Stephens v. Ins. Co. of Ind.*, No. 4:18-CV-595, 2019 WL 109395, at *6–7 (E.D. Tex. Jan. 4, 2019)); *see Ward v. Liberty Ins. Corp.*, No. 3:21-CV-2116-D, 2022 WL 1063027, at *1 (N.D. Tex. Apr. 8, 2022) ("One view essentially focuses on whether joinder was improper at the time *of joinder*.

---

[5] In their brief supporting a joint agreement to remand, the parties cite to several cases discussing this issue. ECF No. 19, at 2–3. In their prior pleadings, however, neither party referenced the split of authority surrounding a § 542A.006 election, nor did they argue in favor of either position. *See* ECF Nos. 3, 10.

The other view looks at whether joinder was proper at the time *of removal*."). Under the latter (i.e., the minority view), courts have reasoned that "[w]hen an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff unable (not merely unlikely) to succeed on their claims against a non-diverse agent." *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1111 (S.D. Tex. 2020) (internal quotation marks omitted) (quoting *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *2 (W.D. Tex. Nov. 18, 2019)). Thus, because an insurer's "election establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes." *Id.* (emphasis omitted) (quoting *Bexar Diversified*, 2019 WL 6131455, at *4).

In the Northern District of Texas, the judges who have considered this issue have almost exclusively adopted the majority view.[6] *See Stowell v. United Prop. & Cas. Ins. Co.*, No. 3:20-cv-0527-B, 2020 WL 3270709, at *3 (N.D. Tex. June 16, 2020) (Boyle, J.) (acknowledging that the Northern District "has up to this point unanimously adopted the majority view," collecting cases for support, and similarly finding "the arguments in favor of the majority view persuasive"). Recently, however, Judge Fitzwater elected to defer adopting a position. *Ward*, 2022 WL 1063027, at *2. Judge Fitzwater observed that "in light of recent Fifth Circuit opinions, the split appears to be growing and the weight of authority shifting." *Id.* Further, he noted that "[t]he Fifth

---

[6] *See Kessler*, 541 F. Supp. 3d at 727, 731–32 (Pittman, J.); *Green v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:21-CV-120-Z, 2021 WL 4025801, at *2 (N.D. Tex. Aug. 26, 2021) (Kacsmaryk, J.); *Harris v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:20-CV-161-H, ECF No. 8 (N.D. Tex. Dec. 3, 2020) (Hendrix, J.); *Duncan v. Safeco Ins. Co. of Ind.*, No. 7:20-cv-00119-M-BP, 2020 WL 6811485, at *3 (N.D. Tex. Oct. 30, 2020) (Ray, J.), *R. & R. adopted by* 2020 WL 6799180 (N.D. Tex. Nov. 19, 2020) (Lynn, C.J.); *Williams v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:19-CV-0320-N, 2019 WL 3304684, at *3 (N.D. Tex. July 23, 2019) (Godbey, J.); *Trentin v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:19-cv-378-K-BN, 2019 WL 2374163, at *6 (N.D. Tex. May 14, 2019) (Horan, J.), *R. & R. adopted by* 2019 WL 2372943 (N.D. Tex. June 5, 2019) (Kinkeade, J.).

Circuit recently heard oral argument in *Advanced Indicator & Manufacturing., Inc. v. Acadia Insurance, Co.*, No. 21-20092 (5th Cir. argued Dec. 6, 2021), which may provide needed guidance to resolve the" disagreement among courts. *Id.* As of the date of these findings and conclusions, the Fifth Circuit has not issued an opinion in *Advanced Indicator*.

Under the circumstances and facts of this case, the undersigned finds that following the majority view, rather than deferring a decision, is appropriate.[7] Based on the reasoning set forth in *Kessler* and the decisions of other courts that have considered this issue, the undersigned concludes that Allstate's post-suit, pre-removal § 542A.006 election, standing alone, does not render Woolard improperly joined. *Kessler*, 541 F. Supp. 3d at 728–32; *Green*, 2021 WL 4025801, at *2–3; *Stowell*, 2020 WL 3270709, at *3–4. Allstate filed its election of liability after Grigson filed suit in state court, but before the state judge dismissed Woolard as a defendant and before Allstate removed the case to this Court. As argued by Grigson, "the pending dismissal of Woolard cannot create diversity jurisdiction or serve as a valid basis for removal of this action from state court."[8] Pl.'s Br. 5. Thus, complete diversity is lacking, and remand is therefore required, unless Allstate can meet its heavy burden of demonstrating that Grigson improperly joined Woolard on another basis.

---

[7] The parties agree that, standing alone, a diverse insurer's § 542A.006 election does not render an adjuster improperly joined. ECF No. 19, at 2 ("In the Northern District, courts routinely find an insurance adjuster was not improperly joined unless the insurer accepts liability for the adjuster's conduct before suit was filed.").

[8] Grigson also argues that the voluntary-involuntary rule applies, i.e., that Woolard's "pending dismissal" would not constitute a voluntary act by Grigson and therefore create diversity. Pl.'s Br. 4–5. The voluntary-involuntary rule is a judicially created exception that provides where a case is otherwise not removable due to the joinder of defendants, "*only* 'the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant' can convert a nonremovable case into a removable one." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019) (alteration in original) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). The Court need not consider this argument for the reasons set forth herein and, more fundamentally, because the state district court did not dismiss Woolard prior to Allstate's removal — the rule does not apply in this context.

### B. Grigson's claims are pleaded with sufficient specificity to offer a "reasonable basis" to predict Grigson might recover against Woolard.

In its Notice of Removal, Allstate contends that Grigson failed to plead adequate facts supporting a claim against Woolard; thus, the Court should disregard Woolard for diversity purposes. ECF No. 3, at 2–3. In Allstate's view, Grigson's Original Petition contains "vague allegations" that provide "no basis to reasonably predict that Texas law might impose liability on Johnathan Woolard because no real facts relating to him have been set forth." *Id.* at 3. Despite initially proffering this basis for removal, however, Allstate now apparently believes Grigson's allegations are sufficient. *See* ECF No. 14, at 1 (stating that "Allstate filed its Notice of Removal to this Court with the good faith contention that Plaintiff's allegations regarding Defendant Woolard were one and the same as the allegations against Allstate," but making no reference to the sufficiency of Grigson's allegations against Woolard); ECF No. 19, at 2–3 (discussing only that in the Northern District of Texas, a "plaintiff does, indeed, have valid claims against the non-diverse defendant-adjuster until the insurance carrier accepts liability for the adjuster's actions").

Although Allstate no longer seems to believe Grigson's allegations fail to provide a reasonable basis to predict that Grigson might recover against Woolard, the Court must nevertheless examine Grigson's pleadings to independently determine its jurisdiction. Grigson makes the following factual allegations against Woolard in his Original Petition filed in state court:

> Woolard and those at his direction spent an inadequate amount of time at the subject residence, ignored visibly apparent storm damage to Plaintiff's cedar shake shingles and skylight, and severely underestimated the scope of repairs necessary to restore the dwelling to its pre-loss condition. As a result, it is evident from his report that he failed to include many of Plaintiff's covered damages which would have been apparent upon proper inspection.
>
> For example, Woolard and those at his direction misrepresented Plaintiff could properly repair the storm damage to his roof by simply replacing seventy-two shingles when, in fact, the whole roof needed to be replaced. Woolard also misrepresented there was damage to a mere sixteen linear feet of gutters, even

> though the visibly apparent damage was much more extensive. Woolard also omitted from his report the visibly apparent storm damage to the A/C condenser grill and the skylight. Despite obvious hailstorm damage to the entire roof, gutters, A/C condenser, and skylight, Woolard misrepresented the extent of covered damage and the cost of necessary repairs.

Pl.'s Original Pet. 5–6. Further, Grigson asserts that:

> Woolard misrepresented to Plaintiff that such damage to the [p]roperty was not covered under the [p]olicy, even though the damage was caused by a covered occurrence.... Exclusionary language clearly inapplicable to the loss or claim was cited by Woolard in order to convince Plaintiff that his loss was not covered in whole or in part, when in fact it was a covered loss. As such, [Woolard] knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiff.

*Id.* at 6. Grigson alleges that Woolard's conduct violated chapter 541 of the Texas Insurance Code by, among other things: (1) "not attempting in good faith to effectuate prompt, fair, and equitable settlements"; (2) "refusing to pay claims without conducting a reasonable investigation"; (3) "omitting . . . information or making [a] false implication or impression that was either misleading or deceptive"; and (4) "misrepresent[ing] the terms of the policy or other facts." *Id.* at 8–9.

Section 541.060(a) of the Texas Insurance Code provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice" to, *inter alia*, (1) "misrepresent[] to a claimant a material fact or policy provision relating to [the] coverage at issue," (2) "fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear," and (3) "refus[e] to pay a claim without conducting a reasonable investigation with respect to the claim." § 541.060(a)(1), (2), (7). As several district courts have held, an "adjuster has the ability to affect or bring about the settlement of a claim." *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (citing several cases for support); *see Gibson v. Liberty Ins. Corp.*, No.

3:16-CV-3099-B, 2017 WL 3268028, at *9 (N.D. Tex. July 31, 2017) (noting that "[a]s the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based" (alteration in original) (quoting *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15–CV–1183–B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2016))).

The Court finds that Grigson's claims are pleaded with sufficient specificity to offer a "reasonable basis" to predict Grigson might recover against Woolard under § 541.060(a): (1) Woolard "spent an inadequate amount of time" inspecting the property; (2) Woolard omitted covered damages from his report; (3) Woolard undervalued, among other items, the damage to Grigson's roof and gutters; and (4) Woolard misrepresented the policy coverage. Pl.'s Original Pet. 5; *see Cruz v. State Farm Lloyds*, No. 3:17-cv-01541-M, 2017 WL 6447200, at *3 (N.D. Tex. Dec. 18, 2017) (finding a reasonable basis to predict plaintiff might recover against insurance adjuster under § 541.060(a)(2)(A) where plaintiff alleged adjuster only inspected property for twenty minutes, failed to properly identify the scope of damages to plaintiff's property, and "underestimated the cost of repairs to the damages"); *Mary v. Allstate Tex. Lloyd's*, No. 3:16-CV-3383-L, 2017 WL 7735066, at *9–10 (N.D. Tex. Oct. 5, 2017) (concluding plaintiff stated a claim against adjuster under § 541.060(a)(2)(A) by alleging adjuster undervalued damages to plaintiff's property, particularly the roof, and conducted a "substandard inspection" by spending an "inadequate amount of time inspecting plaintiff's property," and citing several cases with similar allegations for support), *R. & R. adopted by* 2017 WL 6462009 (N.D. Tex. Dec. 19, 2017); *Avila v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:16-cv-3007-L, 2017 WL 1232529, at *12–13 (N.D. Tex. Feb. 21, 2017) (finding plaintiff pleaded sufficient facts to state a claim against adjuster, where

13

plaintiff alleged adjuster conducted a thirty-minute inspection of property, omitted damages from his report, undervalued the cost of repairs to the property, and misrepresented to plaintiffs that certain damages were not covered, thus underpaying the claim), *R. & R. adopted by*, No. 3:16-CV-3007-L, 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017); *Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15–CV–1099–G, 2015 WL 4868483, at *4 (N.D. Tex. Aug. 13, 2015) ("By alleging that [adjuster] performed specific acts, including conducting a substandard investigation, failing to include in his report all of the damages noted during his inspection, [and] undervaluing the damages he observed . . . [plaintiff] has sufficiently stated" a claim under § 541.060(a)(1).).[9]

Because Grigson pleaded a sufficient claim (for the limited purpose of demonstrating Grigson might possibly recover on these claims) against Woolard under Rule 12(b)(6), the undersigned concludes that Woolard was properly joined as a Defendant when Grigson filed suit.

---

[9] To the extent Allstate's removal was based on the contention that Grigson's allegations against Woolard are indistinguishable from those against Allstate, rendering Woolard improperly joined, the Court similarly finds Allstate's argument unavailing. The Fifth Circuit has generally recognized that an insurance adjuster may face personal liability for alleged violations of Texas Insurance Code chapter 541. *See Gasch*, 491 F.3d at 282; *cf. Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) ("We cannot say that [plaintiff's] petition, which mentions [the adjuster] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading."). There is a disagreement among the lower courts, however, regarding whether a cause of action exists against individual adjusters under certain subsections of § 541.060. *James v. Allstate Fire & Cas. Ins. Co.*, 475 F. Supp. 3d 578, 583–84 (N.D. Tex. 2020) (acknowledging divergent views and observing that courts rejecting adjuster liability under § 541.060(a)(2) have done so because "the insurance adjuster did not have settlement authority over the given dispute"); *see Cruz*, 2017 WL 6447200, at *2–3 (discussing split of authority with respect to § 541.060(a)(2)(A)). Reviewing Grigson's Original Petition, it does not appear he has pleaded facts suggesting Woolard had settlement authority such that he might be liable under § 541.060(a)(2). *See* Pl.'s Original Pet. 5–12. Regardless, Grigson contends Woolard misrepresented the terms of the policy by stating that damage was not covered when it was. *Id.* at 6. Courts have concluded similar allegations were sufficient to state a claim against adjusters under the Texas Insurance Code § 541.060(a)(1). *See, e.g., Altom v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:15–CV–1099–G, 2020 WL 810856, at *5 (N.D. Tex. Jan. 27, 2020) (citing *Harris v. Allstate Tex. Lloyd's*, No. H–10–0753, 2010 WL 1790744, at *4 (S.D. Tex. Apr. 30, 2010)); *Glidewell*, 2015 WL 4868483, at *4.

Moreover, "[i]n the context of a motion to remand, this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because [a]ny ambiguities are construed against removal and in favor of remand to state court." *Cruz*, 2017 WL 6447200, at *3 (internal quotation marks omitted) (quoting *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016)); *see Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (finding that in cases involving claims of fraudulent joinder to defeat removal, "all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff"). Thus, the undersigned concludes remand is proper because, as discussed above, Grigson pleaded facts in his Original Petition providing a reasonable basis to predict recovery against Woolard.

As a result, complete diversity of citizenship does not exist, and the district judge should therefore remand this action for lack of subject-matter jurisdiction.

### C. Propriety of Allstate's removal.

Finally, the undersigned believes it necessary to address the conflicting positions taken by Allstate in initially removing the case and then agreeing to remand. Allstate's concession that the Court lacks subject-matter jurisdiction raises the question of whether Allstate had objectively reasonable grounds for removing this case in the first place.

Allstate initially removed this case on the ground that Grigson had improperly joined Woolard as a Defendant, asserting Grigson did not set forth facts sufficient "to reasonably predict that Texas law might impose liability" against Woolard "because no real facts relating to him have been" alleged, and the allegations "appear to simply be a recasting of those against Allstate, or stating what actions he took on behalf of Allstate." ECF No. 3, at 3. After Grigson filed a Motion to Remand, however, Allstate seemingly switched course. *See* ECF No. 9, at 3 (stating that "the parties could not agree" concerning "the substance of [Grigson's] Motion to Remand"). Instead of responding to Grigson's motion, Allstate joined in Grigson's request to remand the case. ECF No. 14, at 1 ("To save the [p]arties' and Court's time and resources, the [p]arties hereby file an Agreed Motion to Remand seeking to remand this matter to have it adjudicated in front of the County Court at Law No. 3 of Lubbock County, Texas, where it was originally brought by Plaintiff.").[10] When prompted by the Court to provide a legal basis (other than mere agreement) for the remand, Allstate agreed that "[b]ecause [it] had not yet accepted liability for Woolard's conduct at the time Grigson filed his petition [in state court], *Grigson had valid claims and causes*

---

[10] Allstate also makes the conclusory statement that it removed this action on "the good faith contention that Plaintiff's allegations regarding Defendant Woolard were one and the same as the allegations against Allstate." ECF No. 14, at 1. That may well be the case, but Allstate did not file a response to Grigson's Motion to Remand raising this point and in fact now apparently takes the opposite position.

15

*of action against Woolard under Chapter 541.*" ECF No. 19, at 3 (emphasis added). Consequently, Allstate confirmed that "this case could not have been originally filed in federal district court because there is not complete diversity between the parties." *Id.*[11]

The federal removal statute provides that a defendant seeking to remove an action to federal court must "file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Rule 11 of the Federal Rules of Civil Procedure provides that an attorney, in submitting a pleading to the court, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose," "[the] legal contentions are warranted by existing law" or an extension of existing law, and that "the factual contentions have" or will have evidentiary support. Fed. R. Civ. P. 11(b)(1), (2), (3). In addition, § 1447(c) provides that in "[a]n order remanding the case," a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Based on the foregoing, the Court will enter an order of even date herewith, requiring Allstate to submit additional briefing explaining the circumstances surrounding its removal of this action and whether an award of costs, attorney's fees, and actual expenses is appropriate under § 1447(c). After receiving Allstate's response, the undersigned will enter a separate recommendation as to this issue.

---

[11] As explained herein, diverging views exist as to whether a case in this posture is removable based on an insurer's post-filing acceptance of responsibility for an adjuster's actions, with the "minority view" ostensibly supporting removal under the circumstances presented herein. Allstate, however, never cited this position in support of removal, despite noting Woolard's required future dismissal based on its election. ECF No. 3, at 2. Instead, Allstate alleged fraudulent joinder in that the "vague allegations" in Grigson's petition contained "no real facts" giving rise to liability on Woolard's part and that the allegations "appear to simply be a recasting of those against Allstate, or stating what actions he took on behalf of Allstate." *Id.* at 2–3. These assertions directly contradict Allstate's current general statement that "Grigson had valid claims and causes of action against Woolard under Chapter 541." ECF No. 19, at 3.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** Grigson's Motion to Remand (ECF No. 9) and remand this case to County Court at Law Number 3, Lubbock County, Texas. Further, the undersigned recommends that the District Judge **DENY as moot** the parties' Joint Motion to Remand. ECF No. 14.

### V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 31, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE