IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN GRIGSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-040-H-BQ |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and | § | |
| JOHNATHAN WOOLARD, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The Court directed Defendant Allstate Vehicle and Property Insurance Company (Allstate) to file a brief addressing whether Plaintiff John Grigson is entitled to an award of fees and costs he may have "incurred as a result of [Allstate's] removal" of this action. ECF No. 21; 28 U.S.C. § 1447(c). Allstate proffers two reasons in support of its contention that it had objectively reasonable grounds to remove: (1) the split of authority among Texas federal courts concerning the impact of a diverse insurer's election of liability for a non-diverse adjuster's actions under Texas Insurance Code § 542A.006; and (2) uncertainty caused by the state court's failure to dismiss the non-diverse adjuster prior to removal. Def.'s Br. 1–3, 10, ECF No. 22. The undersigned finds Allstate has given only post-hoc rationalizations in support of its decision to remove. Nevertheless, the undersigned recommends that the United States District Judge decline to award fees under § 1447(c) because (1) the split of authority, despite Allstate not citing it initially as grounds in support of removal, provides an objectively reasonable basis for seeking removal, and (2) Plaintiff has not requested fees or other relief.

## I. Background

The undersigned's previous findings, conclusions, and recommendation (FCR) sets forth a detailed factual, procedural, and legal background for this matter. ECF No. 20, at 1–4. As a result, this FCR provides only a summary of the facts relevant to determining whether Grigson is entitled to fees under § 1447(c).

Before removing the case to this Court, Allstate filed an Election of Legal Responsibility for Agent in accordance with Texas Insurance Code § 542A.006, wherein it accepted all liability for adjuster Johnathan Woolard's actions or omissions related to this case. Ex. B-6, at 26–28, ECF No. 1-2; Ex. B-7, at 29–31, ECF No. 1-2. Section 542A.006 states that in the event an insurer makes an election of liability after a claimant has filed suit, "the court shall dismiss the action against the agent with prejudice." Tex. Insurance Code Ann. § 542A.006(c). Apparently, however, before the state court dismissed Woolard, Allstate removed the case. *See* Ex. B-9, ECF No. 1-2; ECF No. 3; Pl.'s Br. in Supp. of Mot. to Remand 2, ECF No. 10 [hereinafter Pl.'s Remand Br.].

Allstate removed on the basis of diversity jurisdiction, contending that despite both Grigson and Woolard being Texas citizens, the Court should ignore Woolard for diversity purposes because Grigson fraudulently joined him. ECF No. 3, at 2–3; *see* ECF No. 19, at 3 (agreeing that Woolard is non-diverse). The basis for Allstate's fraudulent joinder claim was that Grigson's claims against Woolard are "simply . . . a recasting of those against Allstate," such that "there is no basis to reasonably predict that Texas law might impose liability on . . . Woolard because no real facts relating to him have been set forth." ECF No. 3, at 3.

Thereafter, Grigson filed a Motion to Remand, disputing Allstate's fraudulent joinder allegations. ECF No. 9. Allstate did not file a response to Grigson's motion. Instead, the parties

filed a Joint Motion to Remand, wherein the parties jointly seek remand "[t]o save the [p]arties' and Court's time and resources." ECF No. 14, at 1.

The undersigned's FCR recommended that the United States District Judge grant Grigson's Motion to Remand this case to state court and deny as moot the joint motion. ECF No. 20. In reaching this conclusion, the FCR observed that there is a split of authority on the question of whether a diverse insurance company's post-suit, pre-removal election of liability under § 542A.006 renders the non-diverse adjuster improperly joined. *Id.* at 8. Allstate did not reference this split, nor did it argue in favor of a particular position.[1] *See* ECF No. 3. Under the "majority" view, Allstate's post-suit, pre-removal § 542A.006 election, standing alone, does not render Woolard improperly joined. *Kessler v. Allstate Fire & Cas. Ins. Co.*, 541 F. Supp. 3d 718, 727 (N.D. Tex. 2021). In accordance with the minority view, however, Allstate's election makes it impossible for Grigson to recover against Woolard; thus, Woolard is improperly joined and his citizenship may be disregarded. *Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1111 (S.D. Tex. 2020).

After reviewing the divergent positions, the undersigned concluded that following the majority view is appropriate. ECF No. 20, at 8–10. Having determined that Allstate's § 542A.006 election did not provide a basis for diversity jurisdiction, the undersigned then analyzed whether Allstate had met its heavy burden of demonstrating that Grigson failed to plead adequate facts supporting a claim against Woolard—i.e., Allstate's stated basis for removal. *Id.* at 11–15. Concerning that question, the undersigned found that Grigson's claims are pleaded with sufficient specificity to offer a "reasonable basis" to predict Grigson might recover against Woolard. *Id.* at

---

[1] Only in their brief supporting a joint agreement to remand (which the Court ordered the parties to file because a mere agreement to remand is not legally sufficient) did the parties cite to several cases that discuss the split. ECF No. 19, at 2–3.

13–15. As a result, complete diversity does not exist, and the undersigned has concluded remand is required. *Id.* at 15.

In the FCR, the undersigned observed that Allstate has seemingly taken conflicting positions in this action, by first removing the case and then agreeing to remand. *Id.* at 15–16. The Court directed Allstate to file a brief addressing whether it "had objectively reasonable grounds to believe the removal was legally proper." ECF No. 21 (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) (discussing the standard for awarding fees under § 1447(c))). Having reviewed Allstate's filing (ECF No. 22), the parties' joint request to remand, and applicable law, the undersigned finds that an objectively reasonable basis exists upon which Allstate could have removed the case to federal court.

## II. Legal Standard

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The court, in its discretion, may award fees under § 1447(c)—"[t]here is no automatic entitlement." *Valdes*, 199 F.3d at 292. A court's determination that removal was improper does not support a fee award. *Id.* Likewise, a party's motive for removing the case is irrelevant. *Id.* (explaining that "the district court may award fees even if removal is made in subjective good faith"). Instead, a court should "consider objectively the merits of the defendant's case at the time of removal." *Id.*; *Diaz v. Cameron Cnty.*, 300 F. App'x 280, 282 (5th Cir. 2008) (per curiam) (providing that courts must "look only to the objective merits of removal *at the time of removal*"). "[A]pplication of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes*, 199 F.3d at 293.

"[W]hen an objectively reasonable basis [for removal] exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

### III. Discussion

#### A. Allstate's Position

Allstate submits that it had objectively reasonable bases for removal. First, "Allstate reasonably relied on" cases following the minority view, which hold that Allstate's post-suit, pre-removal § 542A.006 election established that Grigson could not recover against Woolard, and the Court could therefore disregard Woolard's citizenship. Def.'s Br. 5–8. Second, Allstate maintains it was waiting for the state court to dismiss Woolard in accordance with § 542A.006 but ultimately "removed on the last day to timely do so." *Id.* at 2–3, 6, 8. In addition, Allstate observes that Grigson has not requested attorney's fees or other costs, which it believes "further underscor[es] the open nature of the question as to whether removal is appropriate following a" § 542A.006 election. *Id.* at 10.

#### B. Analysis

A reasonable construction of Allstate's Notice of Removal shows that it provided one ground for removing this case—that Grigson's claims were "simply . . . a recasting of those against Allstate," such that "there is no basis to reasonably predict that Texas law might impose liability on . . . Woolard because no real facts relating to him have been set forth." ECF No. 3, at 3; *see* Pl.'s Remand Br. 1 ¶ 1.1 ("The issue is narrow: whether Grigson's allegations are too vague to allow the Court to reasonably predict Woolard could be liable to Grigson."), 4 ¶ 3.5 (arguing Grigson "alleged specific facts of conduct Woolard performed for Allstate," such that the Court could reasonably predict Woolard could be liable for his misconduct), 5–6 (asserting that Allstate failed to support its allegation of improper joinder and citing sections of his petition in support).

As set forth in the FCR, Allstate's position is simply incorrect. *See, e.g.*, ECF No. 20, at 13 (finding Grigson pleaded sufficient facts "to offer a 'reasonable basis' to predict Grigson might recover against Woolard under § 541.060(a)" in that "(1) Woolard 'spent an inadequate amount of time' inspecting the property; (2) Woolard omitted covered damages from his report; (3) Woolard undervalued, among other items, the damage to Grigson's roof and gutters; and (4) Woolard misrepresented the policy coverage" (quoting Pl.'s Original Pet., Ex. B-1, at 5, ECF No. 1-2)). And, equally significant is the fact that Allstate's Notice of Removal neither referenced the split of authority surrounding an insurer's § 542A.006 election nor suggested that it relied on the split as a reason for removal. *See* ECF No. 3, at 2–3 ¶¶ 8–10.

Allstate now argues that "the disagreement across Texas district courts suppled [sic] Allstate with an objectively reasonable basis for seeking removal." Def.'s Br. 10 ¶ 3.14. In support, Allstate engages in a substantial review of many of the cases cited by the Court in the FCR. *See id.* at 5–10. The Court agrees that reliance on the minority view and its supporting authority would have provided a reasonable basis for removal. *See, e.g., Riverside Constr. Co. v. Entergy Miss., Inc.*, 626 F. App'x 443, 447 (5th Cir. 2015) (per curiam) (reasoning that in light of uncertainty surrounding the removal of maritime claims, defendant had an objectively reasonable basis for removal). Allstate, however, did not cite the foregoing as grounds for removal. ECF No. 3.

Moreover, Allstate's argument concerning uncertainty over Woolard's status caused by the state court's lack of action on its election has no real bearing on the issue before the Court. Under the minority view (upon which Allstate now relies), an insurer's § 542A.006 election "is effective *when made* and will support timely removal thereafter *even absent state-court action* acknowledging the adjuster's dismissal with prejudice." Def.'s Br. 7 ¶ 3.6 (emphasis added)

6

(citing *Ramirez*, 490 F. Supp. 3d at 1110–11). Thus, Allstate need not have waited for the state court to act to assert the minority view as a ground for removal. More puzzlingly, Allstate's assertion essentially acknowledges that there was not complete diversity when it removed the case but, because of the deadline, it removed nevertheless.[2] *See also* ECF No. 19, at 3 (agreeing that "[b]ecause Allstate had not yet accepted liability for Woolard's conduct at the time Grigson filed his petition [in state court], *Grigson had valid claims and causes of action against Woolard under Chapter 541*" when Grigson filed suit (emphasis added)).

Still, the Court is mindful of the Fifth Circuit's instruction to focus only on the "*objective* merits of removal *at the time of removal*." *Diaz*, 300 F. App'x at 282 (first emphasis added). Because reliance on the minority view would have rendered Woolard improperly joined, the undersigned concludes an arguably objective and reasonable basis existed upon which Allstate could seek removal. *See id.* ("We look only to the objective merits of removal *at the time of removal*; we do not consider the defendants' motives. Because the state-court petition contained 'an objectively reasonable basis for seeking removal,'" § 1447(c) did not authorize an award for attorney's fees. (citations omitted)); *Stephens v. Lilith Fund for Reprod. Equity*, No. 5:20-CV-138-RWS-CMC, 2020 WL 8085006, at *23 (E.D. Tex. Nov. 2, 2020) (stating that a defendant may lack an objectively reasonable basis for removal "when a cursory examination of the complaint alleging exclusively state [-] law claims for relief would have revealed a lack of federal jurisdiction, or when binding precedent has squarely held that the avenue for removal upon which

---

[2] Allstate's belief that the state court's post-filing dismissal of Woolard would have somehow altered the diversity analysis is unfounded. As already noted, an insurer's § 542A.006 election—not the state court's dismissal—is determinative under the minority view. Under the majority view, courts focus on whether joinder was proper at the time of joinder—e.g., when the plaintiff initiates suit. *Ward v. Liberty Ins. Corp.*, No. 3:21-CV-2116-D, 2022 WL 1063027, at *1 (N.D. Tex. Apr. 8, 2022). Courts following this position have therefore remanded even when the state court dismisses the adjuster prior to removal. *See, e.g., Green v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:21-CV-120-Z, 2021 WL 4025801, at *1, *3 (N.D. Tex. Aug. 26, 2021). Thus, under either view the state court's actual post-filing dismissal of the non-diverse adjuster does not matter.

7

the party relies is foreclosed" (internal quotation marks and citations omitted)); *Kingman Holdings, L.L.C. v. Everbank*, No. SA-14-CA-107-FB, 2014 WL 12877303, at *4 (W.D. Tex. Mar. 31, 2014) (denying without prejudice plaintiff's request for fees, "[g]iven that defendant may have reasonably believed that federal jurisdiction existed, and [in light of] the limited window for defendant to remove plaintiffs suit"); *cf. AHI Facility Servs., Inc. v. Clark*, No. 3:18-CV-01571-M, 2018 WL 10435227, at *2, *5 (N.D. Tex. Oct. 10, 2018) (declining to award fees under § 1447(c), concluding that defendant "was not objectively unreasonable in seeking removal" in light of conflicting case law and defendant's citation to same in its notice of removal). Although not dispositive, the undersigned is also persuaded by the fact that Grigson has not moved for recovery of the fees he incurred seeking remand, and this case will likely return to state court—the result Grigson desires. ECF Nos. 9, 10; *see Martin*, 546 U.S. at 141 (explaining that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the [reasonable diligence] rule in a given case").

The Court cautions Allstate, however, that it should thoroughly consider the factual and legal contentions surrounding a case prior to removal, and clearly identify the factual and legal bases for removal, so as to avoid prolonged litigation, additional costs, and the unnecessary expenditure of judicial resources. *See* 28 U.S.C. § 1446(a) (providing that a defendant seeking to remove an action to federal court must "file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" that contains "a short and plain statement of the grounds for removal"); *Martin*, 546 U.S. at 140 ("The appropriate test for awarding fees under § 1447(c) should recognize [Congress'] desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not

undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.").

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge decline to award fees and costs under 28 U.S.C. § 1447(c).

### V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: June 15, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE